**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| B. A. CORLEY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO. 3:06-CV-556 TS |
| | ) |
| STATE OF INDIANA, *et al.* | ) |
| | ) |
|       Defendants. | ) |

**OPINION AND ORDER**

B. A. Corley, a *pro se* prisoner currently being held at the Indiana State Prison, filed a Motion for a Temporary Restraining Order (TRO) requesting six injunctions. He states that he did not give notice to the defendants. The issuance of TROs is controlled by Federal Rule of Civil Procedure 65. Subsection (b) of that rule defines when a TRO may be granted without written or oral notice to the adverse party or that party's attorney: "only if . . . it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b).

Mr. Corley's motion fails to satisfy the Rule's mandates. His first three requested injunctions concern property claims: Mr. Corley asks this Court to order the Wabash Valley Correctional Facility to release his outgoing legal mail and certified mail remittance receipts; to order the return of two envelopes and copies of requested disciplinary paperwork; and to order the Indiana State Prison to return the property taken from his cell along with forms showing what was taken and why.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method

by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's Tort Claims Act (Indiana Code § 34-13-3-1 *et seq*.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") Even the theft of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Here, Mr. Corley has given no hint that any of these papers are irreplaceable either in the form of copies or new drafts. Therefore, even though Mr. Corley may have a state tort claim, he does not have a basis for a temporary restraining order in this Court.

Mr. Corley also asks this Court to order the Governor and the Indiana Department of Correction to respond to his writings to them. "[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Because no response was required, this allegation does not state a claim.

Mr. Corley asks this Court to order a full issue of new bedding and clothes because he alleges that his mattress is torn and stained with blood. He states that, although he was not permitted to put this mattress on the range, he has nevertheless slept on the steel bunk for four days rather than

2

use the assigned mattress. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108–109 (7th Cir. 1971). While sleeping on a torn, blood stained mattress might have been unpleasant, doing so would not have deprived Mr. Corley of the minimal civilized measure of life's necessities. Furthermore, the defendants are not liable for Mr. Corley's decision to sleep directly on the steel bunk. *Cf. Martin v. DeBruyn*, 880 F.Supp. 610, 615 (N.D. Ind. 1995) ("If the inmate can afford [over-the-counter] medicine but chooses to apply his resources elsewhere, it is the inmate, and not the prison official, who is indifferent to serious medical needs."). Additionally, it is unlikely that in only four days he could have exhausted his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Finally, Mr. Corley asks this Court to order the defendants to transport him to an outside medical facility for emergency medical treatment. He alleges that he has been denied medical treatment for years. Though there is a logical disconnect in the idea that he has needed emergency medical treatment for years, the real impediment to injunctive relief on this claim is that he has not

3

presented sufficient facts to determine that he has any likelihood of success on the merits. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). This pleading does not mention his medical condition nor what treatment he believes is needed; it is devoid of even a vague hint of his medical condition. As such, it is impossible to determine whether he suffers with a serious medical need.

For the foregoing reasons, these claims do not qualify for a temporary restraining order. Therefore the motion (DE 1) is denied and the case is dismissed without prejudice pursuant to 28 U.S.C. §1915A.

SO ORDERED on November 14, 2006.

            S/ Theresa L. Springmann
          THERESA L. SPRINGMANN
          UNITED STATES DISTRICT COURT
          FORT WAYNE DIVISION